<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____

**No. 03-6957**

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

LEROY ANTHONY THOMAS,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Benson Everett Legg, Chief District Judge. (CR-98-111-HNM; CA-03-416-L)

_____

Submitted:  June 22, 2005             Decided:  July 28, 2005

_____

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Leroy Anthony Thomas, Appellant Pro Se.  Andrew Clayton White, SILVERMAN, THOMPSON & WHITE, L.L.C., Baltimore, Maryland, James Clarke Howard, CHESAPEAKE MERIDIAN, Annapolis, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Leroy Anthony Thomas seeks to appeal the district court's order denying relief on his Fed. R. Civ. P. 60(b)(3) motion, in which he sought reconsideration of the district court's denial of his motion under 28 U.S.C. § 2255 (2000). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); see Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Thomas has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Thomas' notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 540 U.S. 995 (2003). In order to obtain authorization to file a successive § 2255 motion, a

prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Thomas' claim does not satisfy either of these conditions. Therefore, we decline to authorize Thomas to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED